**SO ORDERED.**

**SIGNED this 26 day of June, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

WILLIAM M. KING and
CLARA B. KING,

    DEBTORS.                                         CASE NO. 07-03732-8-JRL
                                                                          CHAPTER 7

_____

**ORDER**

This case is before the court on the debtors' petition to release life insurance proceeds to the female debtor and the court's order directing the debtors' attorney to appear and show cause why he should not be held in contempt for failing to abide by the court's June 4, 2008 order directing him to release these funds to the Chapter 7 trustee. On June 26, 2008, the court held a hearing on these matters in Wilmington, North Carolina.

The debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 5, 2007. The case was converted to Chapter 7 after the male debtor was killed in a motor vehicle accident. John C. Bircher III was named trustee. On February 11, 2008, the female debtor filed amended schedules to reflect her receipt of $12,500.00 in insurance proceeds from her husband's life insurance policy. The debtors' attorney deposited the proceeds in his trust account.

The court entered a turnover order on June 4, 2008, directing the debtors' attorney to release the life insurance proceeds to the trustee. The female debtor filed a petition on June 17, 2008, requesting permission to retain $3,000.00 of the life insurance proceeds in order to replace her broken air conditioning unit. The trustee responded that, although he was sympathetic to the female debtor's situation, he objected to the motion because the insurance proceeds were estate property, and the proposed purchase was not for the benefit of the estate. The trustee then filed a motion seeking a show cause order based on the debtors' attorney's failure to abide by the court's June 4, 2008 order directing him to turnover the life insurance proceeds to the trustee.

The trustee and the debtors' attorney are correct that the life insurance proceeds are part of the bankruptcy estate. See 11 U.S.C. § 541(a)(5)(c) (providing that life insurance proceeds are estate property if acquired by a debtor within 180 days after the petition date). In this case, the life insurance proceeds are the estate's sole asset, and the trustee has informed the court that there are over $100,000.00 in secured claims and approximately $40,000.00 in unsecured claims. Unfortunately for the debtor, the Code simply does not permit her to surcharge these funds for necessary expenses prior to distribution to her creditors. Accordingly, the debtors' petition for release of funds is denied. The show cause order is dismissed because the debtors' attorney brought the petition for release of funds in good faith and deposited the life insurance proceeds in his trust account pending resolution of the present motions.

"**END OF DOCUMENT**"